UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE CASTILLOS, | : | |
| Plaintiff | : | CIVIL ACTION NO. 21-0253 |
| v. | : | (JUDGE MANNION) |
| CARLOS A. ARIAS CARMELO, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

Presently before the court is three of the five named defendants' motion to dismiss Plaintiff's complaint. (Doc. 9). Plaintiff brings this suit seeking damages for injuries he sustained as the passenger in a motor vehicle collision. This matter now comes before the court on Defendants' motion to dismiss for insufficient process and service of process. To put it mildly, Plaintiff has had some issues serving process. Plaintiff failed to comply with his service obligations under the Federal Rules of Civil Procedure without good cause. And the court believes the relevant factors weigh in favor of dismissal without prejudice. Thus, the court will **GRANT** Defendants' motion to dismiss, (Doc. 9), and **DISMISS** the claims against them without prejudice. Defendants also moved to strike Plaintiff's affidavit of service for Carmelo. (Doc. 24). That motion will be **DISMISSED** as moot.

**I.   BACKGROUND**

This case started like any other. Plaintiff filed his complaint on February 11, 2021. (Doc. 1). The court issued its standard case management order a few days later. (Doc. 3). That order reminded Plaintiff of his obligation to "[c]omplete proper service within the time allowed in Fed. R. Civ. P. 4"—*i.e.*, 90 days. On March 12, 2021, Plaintiff hired a private process server to serve the Defendants. (Doc. 14). Plaintiff's counsel entered his appearance on behalf of the Plaintiff on March 16, 2021. (Doc. 4). Then the case fell into radio silence.

One year, five months, and six days passed. On August 22, 2022, the court's deputy contacted Plaintiff's counsel and inquired if the case had settled. (Doc. 13 at 33). Plaintiff's counsel responded three days later that the case was still active; then he contacted his law firm's staff members tasked with service, who began attempts to effectuate service on Defendants. (Doc. 13 at 18).

Finally, on September 27, 2022, the docket showed signs of life. Plaintiff filed a proof of service for Defendant Glendy Holguin. (Doc. 5). The service affidavit says Holguin was served on September 1, 2022, with discovery requests—not the summons and complaint. After filing the proof,

Plaintiff decided to pick up the procedural pace and requested the Clerk enter default against Holguin on October 12, 2022. (Doc. 6).

On October 19, 2022, Plaintiff filed proofs of service for Defendants Cibao Express, LLC (Cibao), and Carlos A. Arias Carmelo (Carmelo). The affidavit for Cibao represented the process server delivered the complaint and discovery requests to Elaine Mara, "Records Custodian." (Doc. 8). However, Cibao's owner, Defendant Viamery Vasquez, says no one by the name of Elaine Mara is or has ever been employed as a records custodian or otherwise by Cibao. (Doc. 9-7). The affidavit for Carmelo represented the process server delivered the complaint and discovery requests to Linyan Espanosa, "Fiancée." (Doc. 7). However, Ms. Espanosa says Carmelo does not live with her, is not related to her, and is not her fiancé. (Doc. 9-9). Ms. Espanosa says she does not speak English and did not understand what the process server was saying when he left the papers with her.

On October 31, 2022, Defendants Carmelo, Cibao, and Vasquez filed the instant motion to dismiss. (Doc. 9). After the motion was fully briefed, on December 14, 2022, Plaintiff filed a proof of service for Vasquez. (Doc. 15). On February 17, 2023, Plaintiff filed another proof of service for Holguin, this time asserting service of the complaint and discovery requests. (Doc. 19).

On March 1, 2023, Plaintiff requested the Clerk enter default against Vasquez. (Doc. 20). But Vasquez was one of the moving defendants in the instant motion to dismiss filed months prior. So, the next day Plaintiff withdrew his request. (Doc. 21).

On May 12, 2023, Plaintiff filed a second proof of service on Carmelo. (Doc. 23). Defendants Carmelo, Cibao, and Vasquez quickly moved to strike the affidavit of service. (Doc. 24). Defendants' main quibble with the affidavit is it attempts to satisfy service of process 779 days after Plaintiff filed his complaint. Against this tortuous procedural backdrop Defendants seek dismissal of the case.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure govern all procedural aspects of a civil case in federal court. Rule 4 governs service of process. Proper service is an essential step in establishing a federal district court's personal jurisdiction over the defendants. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4(m) governs timing of service and provides:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for

the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In the Third Circuit, motions related to Rule 4(m) for failure to timely serve process require the court to first determine whether good cause exists for an extension of time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). "If good cause is present, the district court must extend time for service and the inquiry is ended." *Id.* "If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

Absent good cause, the court's discretion to dismiss a case without prejudice is guided by a variety of factors. The Rule 4(m) Advisory Committee notes include three factors: whether the plaintiff's claims will be time-barred, whether the plaintiff is *pro se*, and whether the defendant evaded service. Fed. R. Civ. P. 4(m), *advisory committee notes* (1993). The Third Circuit has determined this list is non-exhaustive, *Petrucelli*, 46 F.3d at 1305, so courts have considered a number of other factors including actual notice of the legal action and prejudice to defendants. *See Hammett v. New Lifecare Mgmt. LLC*, No. CV 14-CV-6803, 2016 WL 1458319, at *2 (E.D. Pa. Apr. 12, 2016) (collecting cases). No one factor is dispositive. *See id.*

### III. DISCUSSION

Plaintiff does not dispute that he failed to serve defendants within the 90-day window prescribed by Rule 4(m). So, the court proceeds to the *Petrucelli* two-step inquiry.

**1. Good cause does not exist**

First, the court finds Plaintiff has not shown good cause for an extension of time for service. As explained above, Plaintiff failed to effect service on any defendant for over a year and a half. Plaintiff snapped into action after the court's deputy reached out to inquire of the status of the case. But Plaintiff's first attempt at service of a defendant, Holguin, was improper because he served discovery, not the summons and complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Plaintiff's initial attempts at serving Cibao and Carmelo were also likely improper, since the papers were left with individuals bearing no relevant relation to those defendants. And Plaintiff is still yet to serve Defendant Felix R. Marte Almonte.[1]

---

[1] In accordance with Rule 4(m), the order following this memorandum will instruct Plaintiff to show cause as to why he has not effected service on

*(footnote continued on next page)*

Plaintiff argues there is good cause for an extension and provides an explanation for his dilatory service:

> Ordinarily, when a complaint is filed by Plaintiff's Counsel's firm it is saved to case management software which then automatically notifies the team of staff members tasked with effectuating service. The staff then takes the necessary steps to complete service[] and is automatically reminded to check in on service every thirty days until it is completed.
>
> The complaint filed in this matter was not saved to this system, for reasons unknown to counsel. Therefore, no notification to complete service was populated. This system has been consistently effective in thousands of lawsuits filed throughout the Commonwealth of Pennsylvania in both state and federal courts.

(Doc. 13 at 17–18). Plaintiff further explains he sprang into action and restarted attempts at service as soon as the court's deputy contacted him. After Plaintiff was made aware that the complaint had not been served on any defendant, he conducted further investigation into what happened. That investigation "revealed that counsel for the Plaintiff's office made earlier attempts to achieve service on all Defendants in this matter." (Doc. 14 at 1). Specifically,

> As early as March 12, 2021, Plaintiff counsel's office created the work order with private process server, Heaven Sent Legal Services. Heaven Sent received the order to serve complaints and summons on all Defendants. Plaintiff's counsel paid Heaven Sent to complete service, Heaven Sent assigned employees to

---

Almonte within the required time period. Failure to show good cause will likely result in dismissal of the claims against Almonte without prejudice.

- 7 -

> serve the complaints and summons, and the work orders were all assigned the status of "out for service" with a due date of March 19, 2021.
>
> . . . Heaven Sent never fulfilled these orders, and has since gone out of business, and the owner of Heaven Sent is now deceased.

(Doc. 14 at 1–2). But this does not explain counsel's failure to follow up with the process server for over a year and a half. And it is clear that "reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve[] and is also an insufficient basis for granting an extension of time to effect service." *Petrucelli*, 46 F.3d at 1307 (citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987)).

Moreover, the Third Circuit has "also held that '[h]alf-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). Even when delay results from inadvertence of counsel, it need not be excused. *Id.*

Therefore, the court finds Plaintiff has not shown good cause for an extension of time to serve defendants.

### 2. Dismissal is appropriate

Next, the factors guiding the court's discretion weigh heavily in favor of dismissal of the complaint.

First, Plaintiff's Pennsylvania state law tort claims may be time-barred if the complaint is dismissed. *See* 42 Pa.C.S. §5524 (two-year statute of limitations for most tort claims). So, this factor weighs in Plaintiff's favor, only slightly however, because (1) Plaintiff does not appear to raise this argument in opposition to dismissal and (2) courts in the Third Circuit do not weigh this factor too heavily. *See, e.g., Petrucelli*, 46 F.3d at 1306 ("'[H]alf-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run.") (citing *Lovelace*, 820 F.2d at 84); *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009) (affirming the district court's decision to deny extension of time to serve even where defendants had actual notice of the claims against them and the statute of limitations on plaintiff's claims had run).

Second, Plaintiff has been represented by counsel at all relevant times in this case. This factor weighs in favor of dismissal.

Third, there does not appear to be any basis to claim Defendants have evaded service. This factor weighs in favor of dismissal.

Fourth, it appears Defendants Cibao and Vasquez had actual notice of legal action. Plaintiff forwarded them a "Notice of Intent to Sue" on December 1, 2019. (Doc. 13 at 35–36). This factor weighs in Plaintiff's favor, but, frankly, courts do not give much weight to this factor, especially when significant time elapses between the alleged notice and service of process. *See, e.g., Hammett*, 2016 WL 1458319 at *4 ("Even assuming that Defendants were aware of the case . . . Defendants would have had good cause to believe to Plaintiff was not pursing these claims given the period of radio silence following the filing of the Complaint."); *Chiang*, 331 Fed. Appx. at 116 (affirming the district court's decision to deny extension of time to serve even where defendants had actual notice of the claims against them).

Fifth, Plaintiff's delay in effectuating service on Defendants has prejudiced Defendants. There is some likelihood that the memories of the multiple witnesses who witnessed the car accident have grown stale in the intervening time period. Further, the excessive delay of more than a year and a half from filing the complaint to serving process has in and of itself prejudiced Defendants' interest in efficient adjudication of the claims against them. Plaintiff argues the prejudice prong weighs in his favor because Cibao

willfully destroyed relevant documents when it went out of business in 2020. Plaintiff undercuts his argument a bit when he states, correctly, "[t]his is not corporate litigation focused on documents that may now be unavailable." (Doc. 13 at 2). Thus, any alleged destruction may, at best, discount the prejudice to Defendants, but only slightly. And thus, this factor weighs in favor of dismissal.

Lastly, the extreme delay in serving process coupled with subsequent failed attempts at service weigh heavily in favor of dismissal. As explained above, the docket in this case was inactive for almost two years after Plaintiff filed his complaint. It would have been inactive longer had the court's deputy not reached out to Plaintiff. Plaintiff credits this failure to third-party process servers. However, once notified, Plaintiff still could not serve the defendants in accordance with Rule 4 and this court's Local Rules.

Plaintiff served Holguin with discovery requests, not the summons and complaint. When Holguin did not respond, Plaintiff improperly requested entry of default on the basis of that faulty service. Plaintiff "served" Cibao and Carmelo by dropping off documents with two individuals who had no relevant relationship to those parties. Plaintiff served Vasquez; then he requested default be entered against her when she had already responded to the complaint via a motion to dismiss. Plaintiff finally served Carmelo on April 1,

2023, well over two years post-complaint. But Plaintiff filed the proof of service on May 12, well past the fourteen-day deadline required by Local Rule 4.1, which provides in relevant part:

> Plaintiff or plaintiff's attorney shall be responsible for prompt service of the summons and a copy of the complaint as provided in Fed.R.Civ.P.4. Service shall be made by anyone who is not a party and is not less than 18 years of age. In order that a scheduling conference as required by Fed.R.Civ.P.16(b) can be arranged promptly, ***immediate service of process should be effected and an affidavit of such service shall be filed within fourteen (14) days thereafter***.

M.D. Pa. Local R. 4.1 (emphasis added).

In sum, a review of the relevant factors as applied to the circumstances of this case demonstrates this case should be dismissed without prejudice. The Plaintiff's litany of procedural errors, missteps, and simple neglect is inexcusable. Thus, the court will exercise its discretion under Rule 4(m) to dismiss the complaint without prejudice.

### 3. Default against Defendant Holguin

Also before the court is Plaintiff's motion for default judgment against Defendant Holguin. (Doc. 12). "In determining whether to exercise its discretion to enter default judgment against a party, a court may consider a number of factors." *D'Onofrio v. Il Mattino*, 430 F.Supp.2d 431, 437 (E.D. Pa. 2006) (citation omitted). "However, these factors evaporate if service of process was ineffective." *In re Shepherd*, No. 18-13180 (JNP), 2018 WL

6132031, at *2 (Bankr. D.N.J. Oct. 29, 2018). Failure to effect proper service constitutes good cause to set aside an entry of default, *Smalls v. Buckalew Frizzell & Crevina LLP*, No. CIV.A. 13-4637 SRC, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014), which the court can do *sua sponte*, *Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) (citing *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008)). Importantly, courts may not enter default judgment unless an appropriate entry of default by the clerk has occurred in accordance with Rule 55 of the Federal Rules of Civil Procedure. *See Shipman v. Talley*, 629 F. App'x 199, 202 (3d Cir. 2015) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §2682 (2007)).

Here, default was entered against Holguin after Plaintiff failed to effect proper service on her. As explained above, Plaintiff served Holguin with discovery requests (in violation of Rule 4(c)(1)'s mandate to serve the summons and complaint) more than a year and a half after filing his complaint (in violation of Rule 4(m)'s 90-day service requirement). It was on the basis of this improper service that Plaintiff requested entry of default, (Doc. 6), and the clerk entered default, (Doc. 11). The court declines to order

default judgment on the basis of this improper entry to default. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) ("[A] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). Instead, the court will set aside the entry to default, (Doc. 11), for failure to effect service.

Accordingly, Plaintiff's motion for default judgment will be denied without prejudice.

## IV. CONCLUSION

In light of the foregoing, Defendants' motion to dismiss, (Doc. 9), will be **GRANTED**. Plaintiff's complaint, (Doc. 1), will be **DISMISSED** without prejudice as to Defendants Cibao, Carmelo, and Vasquez (the moving defendants). Defendants' motion to strike Plaintiff's affidavit of service will be **DISMISSED** as moot. Plaintiff's motion for default judgment will be **DENIED** without prejudice. An appropriate order follows.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
21-0253-01